1

2

3

4

5

6

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

7

GANIYU AYINLA JAIYEOLA,

Plaintiff,

8

9

v.

10

ROBERT A. BRUNDAGE,

Defendant.

11

Case No.  5:24-cv-03613-PCP

**ORDER GRANTING MOTION TO DISMISS AND DENYING REQUEST FOR JUDICIAL NOTICE**

Re: Dkt. Nos. 29, 40

12          Defendant Robert Brundage moves to dismiss pro se plaintiff Ganiyu Ayinla Jaiyeola's

13  first amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For

14  the following reasons, the Court grants the motion to dismiss for lack of subject-matter jurisdiction

15  and therefore does not reach the question whether Jaiyeola has failed to state a claim upon which

16  relief can be granted.

17                                    **BACKGROUND**

18          The claims in this case derive from a product-liability action against Toyota and a co-

19  defendant that Jaiyeola filed in Michigan state court in 2016, and which defendants thereafter

20  removed to federal court. *Jaiyeola v. Toyota Motor N. Am., Inc.*, No. 1:17-cv-00562-JTN-SJB

21  (W.D. Mich. removed June 20, 2017). Brundage was appellate counsel for Toyota in that case.

22  The district court granted summary judgment for defendants and the Sixth Circuit affirmed.

23  *Jaiyeola v. Toyota Motor N. Am., Inc.*, No. 19-1918, 2021 WL 518155 (6th Cir. Feb. 1, 2021).

24          The action here is related to two documents in that earlier case: ECF 371 and ECF 383.

25  After the Sixth Circuit issued its decision, Jaiyeola filed a motion for relief from judgment under

26  Federal Rule of Civil Procedure 60(b). ECF 371 was defendants' opposition to that motion.

27  Jaiyeola then moved for sanctions, alleging that Brundage engaged in the unauthorized practice of

28  law by "ghostwriting" ECF 371. Toyota opposed Jaiyeola's motion for sanctions and Jaiyeola

United States District Court
Northern District of California

1   moved for leave to file a reply supporting his motion. Toyota opposed that motion for leave to file

2   a reply. ECF 383 was that opposition. Jaiyeola again moved for sanctions, alleging that Brundage

3   signed ECF 383 without being an attorney of record.

4        The district court denied Jaiyeola's motions as frivolous and instructed the clerk to reject

5   any further filings by Jaiyeola in that case. The Sixth Circuit affirmed. *Jaiyeola v. Toyota Motor*

6   *Corp.*, No. 21-1812, 2022 WL 17819776, at *3–4 (6th Cir. June 16, 2022).

7        Four days after the district court denied Jaiyeola's motion for sanctions, Jaiyeola sued

8   Brundage personally, making the same allegations about ECF 371, ECF 383, and another

9   document not at issue in this case. *Jaiyeola v. Brundage*, No. 1:21-cv-01053-JTN-SJB (W.D.

10  Mich. filed Dec. 14, 2021). The district court dismissed that case for lack of subject-matter

11  jurisdiction and the Sixth Circuit affirmed. Jaiyeola then moved for relief from judgment, which

12  the district court denied. The Sixth Circuit affirmed that decision and granted Brundage's motion

13  for sanctions of $3,000, finding that Jaiyeola had "routinely abused the judicial process through

14  his persistent and vexatious litigation." *Jaiyeola v. Brundage*, No. 23-1572, at 4 (6th Cir. March

15  13, 2024).

16       Jaiyeola filed this lawsuit on June 14, 2024, once again alleging that Brundage

17  "ghostwrote" ECF 371 and signed ECF 383 even though he was not an attorney of record. Dkt.

18  No. 1. Jaiyeola asserts a due process claim, a claim under the federal courts' inherent power to

19  sanction, and claims for fraud and perjury. He seeks compensatory and punitive damages,

20  equitable relief, costs, and attorneys' fees.

21                              **LEGAL STANDARDS**

22       A complaint that fails to establish a federal court's subject matter jurisdiction may be

23  dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1). Under Rule 12(b)(1), an attack on

24  jurisdiction "can either be facial, confining the inquiry to allegations in the complaint, or factual,

25  permitting the court to look beyond the complaint." *Savage v. Glendale Union High Sch.*, 343

26  F.3d 1036, 1039 n.2 (9th Cir. 2003). A facial attack accepts the truth of the plaintiff's allegations

27  but asserts they are "insufficient on their face to invoke federal jurisdiction"; such an attack is

28  resolved by the district court as it would resolve a motion to dismiss under Rule 12(b)(6). *Safe Air*

2

United States District Court
Northern District of California

1    *for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). When considering such a Rule

2    12(b)(1) motion, the Court must "take the allegations in the plaintiff's complaint as true*." Wolfe v.*

3    *Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). In a factual attack, however, a defendant "can

4    attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency, and

5    in doing so rely on affidavits or any other evidence properly brought before the court." *St. Clair v.*

6    *City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989).

**ANALYSIS**

8        Brundage moves to dismiss Jaiyeola's complaint pursuant to Federal Rules of Civil

9    Procedure 12(b)(1) and 12(b)(6), alleging that Jaiyeola lacks standing and fails to allege facts

10   sufficient to support a legally cognizable claim.

11       Article III authorizes federal courts to decide only cases or controversies where parties

12   have a personal stake. At the outset of litigation, plaintiffs must establish that they have standing

13   by showing: (1) that they "suffered an injury in fact that is concrete, particularized, and actual or

14   imminent"; (2) "that the injury was likely caused by the defendant"; and (3) "that the injury would

15   likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021).

16   These requirements "together make up the 'irreducible constitutional minimum of standing.'"

17   *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 125 (2014) (quoting *Lujan v.*

18   *Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

19       Jaiyeola lacks standing to bring this case because he has not suffered any injury that was

20   caused by the conduct by Brundage on which Jaiyeola premises his claims. Jaiyeola's alleged

21   injury is the loss of his case against Toyota. Dkt. No. 1. But his allegation that Brundage's alleged

22   "ghostwriting" or ECF 373 and signing of ECF 383 led to that injury is directly contradicted by

23   judicially noticeable facts. ECF 371 and ECF 383 were both written *after* judgment was issued

24   against Jaiyeola in his case against Toyota. Accordingly, the only way that Brundage's alleged

25   ghostwriting of ECF 371 and signing of ECF 383 could have caused Jaiyeola to lose that case was

26   if they caused the denial of his motion for relief from judgment. The district court, however,

27   denied that motion because it was frivolous and merely sought to relitigate issues already decided.

28   *Jaiyeola v. Toyota Motor N. Am., Inc.*, No. 1:17-cv-00562-JTN-SJB, at 2 (W.D. Mich. Dec. 10,

2021). The Sixth Circuit affirmed, holding that Jaiyeola's motion was procedurally improper because it was brought more than one year after entry of judgment, because several of his arguments were barred by law-of-the-case doctrine, and because it contained arguments that could have been raised in his earlier appeal. *Jaiyeola v. Toyota Motor Corp.*, No. 21-1812, 2022 WL 17819776, at *3 (6th Cir. June 16, 2022).

Under these circumstances, Jaiyeola cannot allege that, but for Brundage's alleged conduct, his Rule 60(b) motion would have succeeded. As such, Jaiyeola fails to establish he suffered an injury caused by Brundage's purported conduct. He therefore lacks standing to proceed against Brundage, and this Court lacks subject-matter jurisdiction.

## CONCLUSION

For the foregoing reasons, the Court grants Brundage's motion to dismiss Jaiyeola's claims against him. Because Jaiyeola cannot cure his lack of standing through amendment, dismissal is without leave to amend. The clerk shall close the case.[1]

**IT IS SO ORDERED.**

Dated: October 21, 2024

P. Casey Pitts
United States District Judge

---

[1] The Court denies Jaiyeola's request for judicial notice that Brundage defrauded him, Dkt. No. 40, because it does not fall within any category of judicially noticeable material. *See* Fed. R. Evid. 201 (permitting judicial notice of an adjudicative facts only if it "is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").